UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **R'KES STARLING**, on behalf of himself and all others similarly situated, | Civil Case No.: |
| *Plaintiff*, | **COMPLAINT - CLASS ACTION** |
| v. | |
| **BLUELINE TEAM, INC.,** | |
| *Defendant*. | |

## INTRODUCTION

1. This action arises out of Defendant, Blueline Team, Inc.'s ("Defendant" or "BLT"), practice of making unsolicited prerecorded telemarketing calls without prior express written consent (or any consent whatsoever), in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and the Texas Business & Commerce Code.

2. Plaintiff has done no business with Defendant and has never provided Defendant prior express written consent to call his telephone with prerecorded messages.

3. Accordingly, Plaintiff brings this TCPA action on behalf of himself and two classes of similarly situated individuals under 47 U.S.C. § 227(b) and Texas Business & Commerce Code § 305.053.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

5. This Court also has supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367(a), because it is so closely related to the federal claims that they form a single case or controversy.

1

6. This Court has jurisdiction over BLT because BLT is headquartered in this district, conducts business transactions in this District and has committed tortious acts in/from this District.

7. Venue is proper in this District because Defendant is headquartered in this district, conducts significant amounts of business transactions within this District and because some of the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

**PARTIES**

8. Plaintiff R'Kes Starling ("Starling") is, and at all times mentioned herein was, a citizen and resident of Southlake, Texas.

9. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

10. Defendant is, and at all times mentioned herein was, a corporation organized and existing under the laws of New York headquartered at 29 Broadway, 1610, New York, NY 10006.

11. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

**GENERAL FACTUAL ALLEGATIONS**

12. Defendant, or someone acting on its behalf and at its direction, makes prerecorded telemarketing calls marketing its financial products.

13. Because each of these calls were advertising Defendant's products and/or services, they constitute telemarketing and telephone solicitations.

**PLAINTIFF STARLING'S FACTUAL ALLEGATIONS**

14. Plaintiff Starling is the user of a cellular telephone number ending in 6499.

15. Plaintiff Starling's telephone number ending in 6499 has been on the National Do-

Not-Call Registry since September 16, 2007.

16. Plaintiff Starling received Defendant's prerecorded telephone calls as described herein.

17. On August 15, 2023, Mr. Starling received a call from (346) 553-5022, which left the following prerecorded message on his phone's voicemail:

> Hi. This is Blueline giving you a call regarding the UCC filing. Uh. Just wanted to go over the details. When you get a moment, if you could give me a call back. My number here 844-642-3444. Thank you.

18. Mr. Starling knew the message was prerecorded because it was not personal in nature.

19. In addition, Mr. Starling conducted an internet search and located consumer complaints about calls from Blueline that included an identical voice recording.[1]

20. Mr. Starling never provided prior express written consent (or any consent) to Defendant for these telephone calls.

## DEFENDANT'S LIABILITY

21. Because Defendant's calls constitute telemarketing, Defendant was required to obtain prior express written consent from the persons to whom Defendant made calls.

22. "Prior express written consent" is specifically defined by statute as:

> [A]n agreement, in writing, bearing the signature of the person called <u>that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice</u>, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.

47 C.F.R. §64.1200(f)(8)

---

[1] *See, e.g.* https://directory.youmail.com/phone/540-692-9142 (last accessed Sept. 7, 2023) (complaining of identical call but coming from telephone number (540) 692-9142. *See also* https://800notes.com/Phone.aspx/1-844-642-3444 (last accessed Sept. 7, 2023).

3

23. Mr. Starling never provided Defendant with any consent, written or otherwise.

24. Accordingly, each of Defendant's telemarketing calls to Mr. Starling using an artificial or prerecorded voice violated 47 U.S.C. § 227(b).

25. For violations of 47 U.S.C. § 227(b), Mr. Starling is entitled to a minimum of $500 per call.

26. Mr. Starling is entitled to $1500 per call if Defendant's actions are found to be knowing or willful.

27. In addition, pursuant to § 305.053(a) of the Texas Business & Commerce Code, a person who receives a communication that violates 47 U.S.C. § 227, or a regulation adopted under that provision, may bring an action against the person who originates the communication for an injunction, damages or both.

28. As set forth above, Defendant violated 47 U.S.C. § 227, or a regulation adopted under that provision.

29. Accordingly, Mr. Starling is entitled to a permanent injunction, and the greater of $500.00 for each violation or Plaintiff's actual damages for each call made by Defendant. *See* Tex. Bus. & Com. Code § 305.053(b).

30. Mr. Starling is entitled to an additional $1500 per call if Defendant's actions are found to be knowing or intentional. *See* Tex. Bus. & Com. Code § 305.053(c).

31. Plaintiff has suffered concrete harm because of Defendant's unwanted and unsolicited telemarketing calls, including, but not limited to:

- Lost time tending to and responding to the unsolicited calls and voicemail messages;
- Invasion of Privacy; and

- Nuisance.

32. These forms of actual injury are sufficient for Article III standing purposes.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of two "Classes," the "TCPA Class" and the "Texas Class" as defined as follows:

> Plaintiff and all persons within the United States to whose telephone number Defendant placed (or had placed on its behalf) a prerecorded or artificial voice telemarketing call, from four (4) years prior to the filing of the Complaint through the date of Certification.
>
> ("TCPA Class")
>
> Plaintiff and all residents of the State of Texas to whose telephone number Defendant placed (or had placed on its behalf) a call in violation of 47 U.S.C. § 227 from four (4) years prior to the filing of the Complaint through the date of Certification.
>
> ("Texas Class")

(The TCPA Class and the Texas Class are collectively referred to herein as the "Classes.")

34. Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

35. The Members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

36. The exact number and identities of the persons who fit within the Classes are ascertainable in that Defendant and third parties maintain written and electronically stored data showing:

    a. The time period(s) during which Defendant placed its calls;

      b. The telephone numbers to which Defendant placed its calls;

      c. The telephone numbers for which Defendant had prior express written consent;

      d. The purposes of such calls; and

      e. The names and addresses of Class members.

37. The Classes are comprised of hundreds, if not thousands, of individuals.

38. There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

      a. Whether Defendant (or someone acting on its behalf) used an artificial or prerecorded voice in placing its calls;

      b. Whether Defendant (or someone acting on its behalf) obtains prior express written consent;

      c. Whether Plaintiff and the Classes were damaged thereby, and the extent of damages for such violations; and

      d. Whether Defendant should be enjoined from engaging in such conduct in the future.

39. Plaintiff is a member of the Classes in that Defendant placed calls utilizing an artificial or prerecorded voice without his prior express written consent.

40. Plaintiff's claims are typical of the claims of the Members of the Classes in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

41. Plaintiff and all putative Members of the Classes have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Classes spent time tending to Defendant's unwanted calls and suffered a nuisance and an invasion of their privacy.

42. Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

43. Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent him and the Classes.

44. Defendant has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

45. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

46. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

47. Common questions will predominate, and there will be no unusual manageability issues.

**FIRST CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and the TCPA Class)**

48. Plaintiff and the proposed TCPA Class incorporate the foregoing allegations as if fully set forth herein.

49. Defendant placed, or had placed on its behalf, prerecorded telemarketing telephone calls to Plaintiff's and TCPA Class Members' telephone numbers without prior express written consent.

50. Defendant has therefore violated 47 U.S.C. § 227(b).

51. As a result of Defendant's unlawful conduct, Plaintiff and TCPA Class Members are entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

52. Plaintiff and TCPA Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

## SECOND CAUSE OF ACTION
### Violations of Texas § 305.053
### (On Behalf of Plaintiff and the Texas Class)

53. Plaintiff and the proposed Texas Class incorporate the foregoing allegations as if fully set forth herein.

54. Defendant placed, or had placed on its behalf, prerecorded telemarketing telephone calls to Plaintiff's and Texas Class Members' telephone numbers.

55. Each of these calls violated 47 U.S.C. § 227(b).

56. Plaintiff and Texas Class Members are entitled to:

   a. a permanent injunction to prevent any further violations of the Texas Business & Commerce Code, Chapter 305;

   b. the greater of $500 for each violation or Plaintiff's and Texas Class Members' actual damages (*see* Tex Bus. & Com. Code §305.053(b);

   c. the greater of $1,500 for each violation or Plaintiff's and Texas Class Members' actual damages for each call made knowingly or intentionally (*see* Tex. Bus. & Com. Code §305.053(c).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. An order certifying the Classes as defined above, appointing Plaintiff as the representatives of the Classes and appointing their counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227(b);

C. An order declaring that Defendant's actions, as set out above, violate Tex. Bus. & Com. Code § 305.053.

D. An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

E. An award of statutory damages;

F. An award of treble damages;

G. An award of reasonable attorneys' fees and costs; and

H. Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** September 21, 2023

*/s/ Javier L. Merino*
Javier L. Merino, Esq.
**THE DANN LAW FIRM**
1520 U.S. Highway 130, Suite 101
North Brunswick, NJ 08902
notices@dannlaw.com
Tel: (201) 355-3440
Fax: (216) 373-0536


Eric H. Weitz, Esquire
Max S. Morgan, Esquire
**THE WEITZ FIRM, LLC**
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
eric.weitz@theweitzfirm.com
max.morgan@theweitzfirm.com
(*Pro Hac Vice* to be filed)
*Counsel for Plaintiff and the Putative Classes*